IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS DOMIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11 C 3876 |
| | ) | |
| RIVER OAKS IMPORTS, INC., | ) | |
| and WILL MULCAHY, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

On June 7, 2011, plaintiff Thomas Domin ("Domin") filed a complaint (Dkt. No. 1

("Compl.")) against defendants River Oaks Imports, Inc. ("River Oaks") and Will Mulcahy

("Mulcahy") (collectively "Defendants"). Domin's alleged claims are based on Defendants'

alleged violations Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5,

*et seq.*, as well as common law battery and civil assault. (Compl. ¶¶ 37-61.) Currently before

the court is "Defendants' Motion to Stay Plaintiff's Case Pending Arbitration." (Dkt. No. 8

("Defs.' Mot.").) For the reasons detailed below, Defendants' motion is denied.

BACKGROUND

Domin worked for River Oaks[1] from May 2009 until his termination on April 6, 2010.

(Compl. ¶¶ 18, 31.) Sometime after he began his employment at River Oaks, Domin received an

"Information Handbook for Employees" ("Handbook") and signed a document titled

---

[1] The name of the specific company or companies that employed Domin throughout 2009 and
2010 is unclear. (*See* Dkt. No. 13 ("Domin's Resp.") at 9-11 and Dkt. No. 15 ("Defs.' Reply") at
9-10.) For reasons discussed below, the court finds the exact name of the Domin's employer to
be irrelevant to this opinion.

"Acknowledgment of Receipt and Understanding" ("Understanding"). (Defs.' Mot. Exhibit A.)[2]

The Understanding contained an arbitration clause, which states in relevant part:

> I understand and voluntarily agree that any disputes regarding the terms of this pay plan or my employment or termination from employment (including claims of discrimination and/or harassment) will be resolved exclusively in accordance with binding arbitration governed by the Federal Arbitration Act. . . . I further understand and voluntarily agree that this alternative dispute resolution program shall also cover claims of discrimination or harassment under Title VII of the Civil Rights Act of 1964, as amended. Although I understand that signing this arbitration agreement is not required as a condition of my employment, I desire to take advantage of the benefits of arbitration and understand that I give up the right to trial by jury and instead will have my claims resolved by a retired court Judge.

(*Id.*)

Defendants move to stay Domin's case pending arbitration on the ground that all of Domin's claims relate to his employment and termination of employment and that, by signing the Understanding, Domin agreed to submit all such claims to arbitration. (Defs.' Mot. ¶¶ 2-4.)

LEGAL STANDARD

An employer and employee may contractually agree to submit federal claims, including Title VII claims, to arbitration. *Gibson v. Neighborhood Health Clinics, Inc.*, 121 F.3d 1126, 1130 (7th Cir. 1997) (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 35 (1991)). The parties do not dispute that the Understanding amounts to an agreement to arbitrate such claims. "An agreement to arbitrate is treated like any other contract." *Id.* A federal court should look to the state law governing contract formation in order to determine whether a valid contract

---

[2] The signed copy of the Acknowledgment of Receipt and Understanding is dated May 29, 2009. (Defs.' Mot. Exhibit A). Domin alleges that his first day at River Oaks was May 11, 2009, and that he signed the Understanding "at the end of May 2009." (Domin's Resp. Exhibit A ¶ 3.) Defendants allege that Domin signed the Understanding "upon beginning employment." (Defs.' Mot. ¶ 1.) The exact start date of Domin's employment and the date he signed the Understanding are irrelevant to this opinion.

arose between the parties. *Id.* Because all relevant events in this dispute occurred in Illinois, this court looks to Illinois contract law. *Koveleskie v. SBC Capital Markets, Inc.*, 167 F.3d 361, 367 (7th Cir. 1999). "An enforceable contract is an exchange, and its elements include offer, acceptance and consideration." *All American Roofing, Inc. v. Zurich American Ins. Co.*, 404 Ill. App. 3d 438, 449 (1st Dist. 2010) (internal quotation marks and citations omitted). "Consideration is defined as a bargained-for exchange, whereby one party receives a benefit or the other party suffers a detriment." *Id.*

<u>ANALYSIS</u>

Domin argues that the case should not be stayed pending arbitration because even though he signed the Understanding, it is unenforceable for a number of reasons. First, Domin argues that the Understanding was part of the Handbook, which itself states that it is not a contract giving rise to legal rights or obligations. (Domin's Resp. 5-6.) Second, Domin argues that the Handbook is an illusory and invalid contract because River Oaks reserved the right to decide the nature and extent of its performance under the Handbook (which Domin argues includes the Understanding). (*Id.* at 8.) Third, Domin argues that River Oaks provided no consideration for Domin's agreement to arbitrate his claims. (*Id.* at 8-9.) Finally, Domin argues that, if the agreement is enforceable, the company with whom he agreed to arbitrate is different than the company against whom he is bringing the present action. (*Id.* at 9-11.)

The only of Domin's arguments the court finds persuasive is that the Understanding lacked proper consideration and, thus, cannot be enforced to stay proceedings pending arbitration. For an arbitration provision to be valid and enforceable, there must be "offer, acceptance, and consideration." *Vassilkovska v. Woodfield Nisson, Inc.*, 358 Ill. App. 3d 20, 26

3

(1st Dist. 2005). Therefore, Domin must have received some benefit or Defendants must have suffered some detriment. *See All American Roofing*, 404 Ill. App. 3d. at 449. Employment itself can be consideration for an employee's agreement to arbitrate. *See Melena v. Anheuser-Busch, Inc.*, 219 Ill. 2d 135, 151-52 (Ill. 2006). The Understanding, however, explicitly states that "this arbitration agreement is not required as a condition of my employment . . . ." (Defs.' Mot. Exhibit A.) Consequently, it is clear that River Oaks did not offer employment to Domin in exchange for Domin's agreement to arbitrate.

Defendants argue that the consideration for Domin's agreement to arbitrate was Defendants' agreement that "all employment related disputes would be resolved by binding arbitration." (Defs.' Reply at 7-8.) Defendants are correct that where an arbitration agreement binds both parties, there is sufficient consideration. *Michalski v. Circuit City Stores, Inc.*, 177 F.3d 634, 636 (7th Cir. 1999). Defendants' argument, however, fails because the Understanding does not bind River Oaks in the same manner that it seeks to bind Domin. The Seventh Circuit has held that where an arbitration agreement "is worded entirely in terms of [an employee's] obligation to submit her claims to arbitration (using phrases such as 'I agree' 'I understand' 'I am waiving')," it cannot be read to also require the employer to submit its claims to arbitration. *Gibson*, 121 F.3d at 1131. Here, the Understanding's language refers only to *Domin's* agreement and obligation to submit *his* claims to arbitration. It uses phrases such as "I understand and voluntarily agree" and "I give up the right" and refers only to "my claims" and "my employment or termination from employment." (Defs.' Mot. Exhibit A.) The court cannot read this language in a way that would bind both Domin and Defendants to submit any and all of their claims to arbitration. *See Gibson*, 121 F.3d at 1131 (interpreting nearly identical language

4

and stating that "to find an obligation here would be to weave a contract out of loose threads").

River Oaks did not provide sufficient consideration for Domin's agreement to arbitrate, and it is

therefore unenforceable.

As stated earlier in this opinion, the court finds Domin's remaining arguments

unpersuasive. The Understanding was a document separate and distinct from the Handbook. It

was not attached to nor found within the Handbook. It consisted of two unnumbered pages,

whereas the pages of the Handbook were all numbered. The Understanding refers multiple times

to "*the* Information Handbook," and only once refers to "*this* handbook." (Defs.' Mot. Exhibit A

(emphasis added).) Domin seeks support for his argument from *U.S. ex rel. Harris v. EPS, Inc.*,

in which the court found an arbitration agreement that referred to both "this" handbook and "the"

handbook was ambiguous. No. 2:05-CV-212, 2006 WL 1348173, at *5 (D. Vt. May 16, 2006).

The court in *Harris* construed the ambiguity against the drafter — the employer — and found

that the agreement and the handbook constituted one document. *Id.* This court is not persuaded

by the *Harris* court's reasoning. Here, the language of the Understanding is not ambiguous and

the Understanding and Handbook were presented and read as two independent documents.

Therefore, because the Understanding is separate and distinct from the Handbook, the

disclaimers of contractual rights or obligations contained in the Handbook do not apply to the

Understanding. For the same reason, River Oaks' reservation of its right to modify the terms of

the Handbook without notice does not render the Understanding illusory.

The court cannot make a determination as to Domin's final argument that he did not sign

the Understanding with the same company which he is now suing. Neither party has presented

sufficient information regarding the names of the companies for which Domin worked. Domin

alleges that River Oaks is a different company than "Ed Napleton's Calumet City Imports," with whom he signed the Understanding, (Domin's Resp. at 10-11), but provides no further evidence to support that allegation. Defendants contend that Domin signed the Understanding with "River Oaks Hyundai" and then later worked for "River Oaks Honda." (Defs.'Reply at 9). Without more information, the court cannot determine whether the Understanding applied to Domin's employment with River Oaks Imports, Inc. during the times referenced in the complaint. However, because the court finds that the Understanding is unenforceable as a matter of basic contract law, such a determination is irrelevant.

CONCLUSION

For the reasons explained above, the arbitration provision of the Acknowledgment of Receipt and Understanding is not enforceable, and "Defendants' Motion to Stay Plaintiff's Case Pending Arbitration" (Dkt. No. 8.) is denied. Defendants' answer is due on or before November 8, 2011. Counsel are requested to meet pursuant to Rule 26(f) and jointly file a Form 52 on or before November 22, 2011. This case is set for a report on status and entry of a scheduling order on November 29, 2011 at 9:00 a.m. The parties are encouraged to discuss settlement.

ENTER:

_James F. Holderman_

JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: October 24, 2011